UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

GENE WATKINS                                                                 PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:13CV-204-S

FBI                                                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

*Pro Se* Plaintiff, Gene Watkins, filed a civil complaint in state court which was subsequently removed to this Court (DN 1). Defendant has filed a motion to dismiss (DN 6). The time for Plaintiff to respond has expired; thus the motion is ripe for review. For the reasons set forth below, Defendant's motion will be granted, and this action will be dismissed.

**I. SUMMARY OF CLAIMS**

The only Defendant in this action is the FBI, from which Plaintiff seeks to be "paid back" for ten years of his gift. Plaintiff's complaint states as follows:

> Nov/17/10 a rape happened involving a agent Next door in a staked out house at 1144 So. 42Nd street police was present to hear the woman say rape and he said official business to the COP in 1148 So 42Nd theirs agent in that staked out house they havin origies and trains ran on them they agents was having sex w/material wittnessess my house is bugged its all on tape FBI tapes I am being watched for Nothing No reason I am being discriminated against the feds been watchin me over 10 yrs I was taken hostage May/27/02 by CIA agent Simmons and local police while one of his agents gave oral sex to a woman who sound like my wife on a police scanner I have seen retaliation done over the yrs by agents my car was vandlized my house is surrounded by agents in staked out houses also I have a gift to make a woman have an orgasm it goes threw bugs and female agents been havin sex to it in other states that how far my Gift goes its in other states the gov been knowing about my Gift over 10yrs Now cuz of my Gift I seen retaliations done by guy agents over 10 yrs and the agents k having sex and I am being watched all becuz of my Gift to make woman have orgasms threw bugs the President knows and Bush JR knows this is slavery I should be paid back pay for 10 yrs of my Gift it been 10 yrs I know agents in Ky Know I can make a woman Have an orgasm[.]

Defendant has filed a motion to dismiss in which it makes four arguments.  First, Defendant argues that *Bivens* liability does not extend to permit suit against the FBI.  Second, Defendant argues that Plaintiff's action is frivolous and patently insubstantial and must be dismissed for lack of subject-matter jurisdiction.  Defendant's third argument is that Plaintiff fails to state a proper claim against the FBI.  Fourth, Defendant argues that Plaintiff lacks standing to bring this action.  Plaintiff has failed to respond to Defendant's motion to dismiss.

## II.  ANALYSIS

*A.  Federal Rules of Civil Procedure, Rule 12*

"[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' 'wholly insubstantial,' 'obviously frivolous,' 'plainly unsubstantial,' or 'no longer open to discussion.'" *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citation omitted).  A district court may "dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. at 536-37).  Claims that describe "fantastic or delusional scenarios" are some such claims.  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the

plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

"But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (citation omitted). A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678.

Plaintiff's complaint almost exclusively contains broad and conclusory allegations that are not entitled to the assumption of truth. *See Abner v. Focus: Hope*, 93 F. App'x 792, 793 (6th Cir. 2004) (stating that the court is not "required to accept non-specific factual allegations and inferences or unwarranted legal conclusions"). These conclusions are not supported by factual allegations that would "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. at 679. Plaintiff's complaint is rambling, disjointed, implausible, and fails, as it is required to do, to contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,

3

1106 (7th Cir. 1984)). Further, the complaint describes "fantastic or delusional scenarios." Therefore, this action must be dismissed for failure to state a claim upon which relief may be granted and for lack of subject-matter jurisdiction.

B. *Bivens* Liability

Plaintiff appears, and the Court so construes, to be bringing a *Bivens* action against the FBI. Such a claim fails. The United States Supreme Court has declined to extend *Bivens* liability to permit suit against a federal agency. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself. We therefore hold that Meyer had no *Bivens* cause of action for damages against FSLIC."); *Miller v. F.B.I.*, No. 96-6580, 1998 WL 385895, at *1 (6th Cir. July 1, 1998) ("At the outset we note that the doctrine of sovereign immunity precludes a *Bivens* action against a federal agency for damages."); *Scott v. Louisville Metro Gov't*, No. 3:07CV-497-H, 2008 WL 2369797, at *3 (W.D. Ky. June 9, 2008) ("A *Bivens* action against the Louisville FBI fails because a *Bivens* action cannot be maintained against a federal agency, like the FBI.").

### III. CONCLUSION AND ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's motion to dismiss (DN 6) is **GRANTED** and, by separate Order, this action will be **DISMISSED**.

Date: June 28, 2013

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
 Counsel for Defendant
4411.003